

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>SHANE E. MIRANDA,<br><br>　　　　　　　　　　Defendant. | Case No.: 19cr833-CAB<br><br>**ORDER ON MOTION FOR CORRECTION OF SENTENCE [DOC. NO. 40]** |

　　　Before the Court is a motion by Defendant Shane E. Miranda ("Defendant") for a "correction" of his sentence requesting the Court direct the Bureau of Prisons ("BOP") to apply additional custodial credits to his custodial term. [Doc. No. 40.] Government filed a response. [Doc. No. 42.] For the reasons set forth below the motion is DENIED.

　　　On May 13, 2019, the Defendant entered a guilty plea to one count of possession of methamphetamine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1). [Doc. No. 27.] Defendant admitted in his plea agreement to possession of 191.6 grams of methamphetamine and acknowledged the offense carried a penalty of a mandatory minimum 10 years in custody. [*Id.*] Defendant further acknowledged he was subject to a Career Offender adjustment and his base offense level was 34 after adjustment for acceptance of responsibility. [*Id.*]

With a Criminal History Category VI, the Defendant's guideline range was determined to be 262 to 327 months of custody. Based on the recommendation of the government and after considering the §3553(a) factors, the Court sentenced the Defendant to 120 months, the mandatory minimum. [Doc. No. 35.] Defendant's motion does not directly challenge the sentence imposed by the Court but rather requests adjustment of the custodial credits BOP is applying toward his custody term.

Generally, motions to contest the legality of a sentence must be filed under 28 U.S.C. § 2255 with the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to 28 U.S.C. § 2241 in the custodial court. *Hernandez v. Campell,* 204 F.3d 861, 864 (9th Cir. 2000).

The Defendant's motion offers no basis to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255(a) and the Court declines to revise or correct his sentence.

The Defendant however requests the Court direct the BOP to "correct" the execution of his sentence, specifically that the Court direct the BOP to award the Defendant credits for time he spent in the custody of the U.S. Marshals prior to the entry of his federal sentence.

At the time of the Defendant's plea and sentencing in this federal case, the Defendant was serving a three-year sentence in state custody on an unrelated controlled substance conviction. [Doc. No. 30, ¶41.] Defendant was transferred from state custody to U.S. Marshal custody pursuant to a Writ of Habeas Corpus Ad Prosequendum on February 13, 2019. [Doc. No. 36.] During the pendency of his federal proceedings, he remained in U.S. Marshal custody until his sentencing date on August 9, 2019, at which point in accordance with the writ he was to be returned to state custody at the California Institution for Men in Chino, California, to complete his state sentence. [*Id.*]

Time in federal custody pursuant to a writ of habeas corpus ad prosequendum is not federal custody in connection with the federal offense. *U.S. v. Mills*, 501 F.3d 9, 11 (1st Cir. 2007); *Del Guzzi v. United States*, 980 F.2d 1269, 1271 (9th Cir. 1992) (federal authorities need only accept a prisoner upon completion of their state sentence and need

not credit a prisoner with time spent in state custody). The Court was without authority to credit the Defendant's state custodial time to his federal sentence.[1]

If the Defendant seeks to further challenge the calculation of his federal custodial credits, such a challenge is properly brought pursuant to under 28 U.S.C. § 2241 and must be filed in the Defendant's custodial court, that is the court of the district in which Mr. Miranda is incarcerated, the Northern District of West Virginia. This Court is without jurisdiction. *Hernandez,* 204 F.3d at 865 (9th Cir. 2000).

The Defendant's motion to "correct" his sentence is **DENIED**.

**IT IS SO ORDERED.**

Dated: December 9, 2025

Hon. Cathy Ann Bencivengo
United States District Judge

---

[1] Defendant asserts the Court orally indicated at sentencing that he should receive credit for the time noted on the face of the face of the Presentence Investigative Report that he was held in federal custody prior to sentencing. The Presentence Report notation however did not indicate that Defendant was on a writ and therefore any statement made by the Court regarding credit for "time served" in federal custody prior to sentencing was erroneous as the Defendant was still in the primary custody of the state.